Howard J. McClure, Esq. #141046
Aubrey J. McClure Campbell, Esq. #313033
Howard J. McClure & Associates
1825 N. Oxnard Blvd. Ste 4
Oxnard, CA  93030
(805) 278-6117 * Fax (805) 278-6119

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
**LOS ANGELES, CALIFORNIA**

| | |
|---|---|
| Maria de Lourdes OLMOS CANEDO  ) <br> ) <br> Angela RODRIGUEZ OLMOS  ) <br> ) <br>           PLAINTIFFS,  ) <br> ) <br> v.  ) <br> ) <br> Antony BLINKEN, Secretary of State;  ) <br> Alejandro Mayorkas, Secretary, Department of ) <br> Homeland Security; Tracy Renaud, Senior  ) <br> Official Performing the Duties of Director,  ) <br> U.S. Citizenship and Immigration Services;  ) <br> Conn Schrader, Director, National Visa  ) <br> Center; Eric S. Cohan, U.S. Consul General,  ) <br> U.S. Embassy, Cuidad Juarez, Mexico.  ) <br> ) <br> DEFENDANTS.  ) <br> ) <br>_____ ) | **Case No.** <br><br> **COMPLAINT FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT** <br><br> Immigration Case: 21-3017 <br><br><br><br><br> DHS Number: <br><br> Angela Rodriguez Olmos A <br> A214-725-947 <br> Maria Lourdes Olmos Canedo <br> A042-451-471 |

1

# COMPLAINT

By and through their undersigned counsel, Plaintiffs, Maria Lourdes Olmos Canedo ("Ms. Olmos Canedo") and Angela Rodriguez Olmos ("Ms. Rodriguez Olmos"), as and for their complaint, allege as follows:

## INTRODUCTION

1. Plaintiffs seek an Order from the Court declaring that the termination of the Ms. Olmos Canedo's visa petition filed on behalf of Ms. Rodriguez Olmos was contrary to law, and that the 1996 visa petition filed by Ms. Olmos Canedo remains valid.

2. Although Defendants claim to have followed correct procedures in terminating Ms. Rodriguez Olmos' visa registration, they offer no proof that the notice was properly served upon Ms. Rodriguez Olmos. Neither Plaintiffs received notice that a visa was current or that further action was required on the visa petition after the communication indicating that fees had been received. As the formal procedures were not properly conducted, the termination of Ms. Rodriguez Olmos' 1996 visa petition thus violates 8 U.S.C. § 1153(g), as it was arbitrary, capricious, and an abuse of discretion.

3. Furthermore, because proper notice of the termination of the petition at issue was never provided to Ms. Olmos Canedo, the action was taken in violation of the procedural due process rights of the Plaintiffs.

4. Plaintiffs seek a declaration that the termination of the petition was contrary to law and ask this Court to set aside the visa termination.

## JURISDICTION AND VENUE

5. Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1361 as a civil action in the nature of a mandamus to compel an officer or employee of the United States to perform a duty owned to Plaintiffs; 5

U.S.C. § 702, as a challenge to an agency action under the Administrative Procedures Act ("APA"); and 28 U.S.C. § 2201 and § 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment.

6. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e)(2) and (e)(3) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity; because a substantial part of the events or omissions giving rise to the claim occurred in Chatsworth, CA, in the Western Division of the Central District of California; because Plaintiffs reside in Oxnard, CA, which is within the Central District of California; and because there is no real property involved in this action.

## **STANDING**

7. The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Without questions, Defendant's failure to follow formal procedures in the termination and revocation of Ms. Rodriguez Olmos' approved 1-130 petition has adversely affected her ability to obtain legal status in the United States. Plaintiffs thus fall within the APA's standing provisions. *See Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State, Bureau of Consular Affairs,* 45 F.3d 469, 471-72 (D.C. Cir. 1995), *reh'g denied,* 74 F.3d 1308 (D.C. Cir.), *vacated on other grounds,* 117 S. Ct. 378 (1996); *see also, Abourezkv. Reagan,* 785 F.2d 1043, 1050-51 (D.C. Cir. 1986).

# PARTIES

8. Plaintiff Maria Olmos Canedo is a native and citizen of Mexico who currently resides in Oxnard, CA and is the mother of Plaintiff Angela Rodriguez Olmos. Ms. Olmos Canedo became a lawful permanent resident and subsequently filed an I-130 petition on behalf of her daughter, Angela Rodriguez Olmos. The petition was approved on July 2, 1996. Although the visa became available, no further correspondence was sent to Ms. Olmos Canedo or to Ms. Angela Rodriguez Olmos after a notice regarding the receipt of payments was received by Ms. Olmos Canedo. No correspondence was received regarding visa availability, impending termination of the petition due to no action taken, or the actual termination of the visa petition to either of the Plaintiffs. Defendants now claim, however, that the visa petition was properly terminated on March 4, 2007 and that the records were subsequently destroyed.

9. Plaintiff Angela Rodriguez Olmos is a native and citizen of Mexico who currently resides in Oxnard, CA and is the natural daughter of Ms. Olmos Canedo. Ms. Rodriguez Olmos wishes to adjust status in the United States to that of a lawful permanent resident based on an approved I-130 petition filed by her mother. Ms. Rodriguez Olmos entered the United States with inspection with a valid travel document, thus she is eligible to adjust status pursuant to 8 U.S.C. § 1255(a).

10. Antony Blinken, Secretary of State, and oversees the U.S. Department of State and is sued in his official capacity.

11. Alejandro Mayorkas, Secretary of the Department of Homeland Security, the executive department which contains the USCIS, and is sued in his official capacity. Defendant Mayorkas is charged with the administration and enforcement of the Immigration and Nationality Act pursuant to INA 103(a), 8 U.S.C. § 1103(a).

12. The Department of Homeland Security is federal agency encompassing the USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of non-citizens.

13. Tracy Renaud, Senior Official Performing the Duties of Director, U.S. Citizenship and Immigration Services (USCIS) is sued in her official capacity;

14. Conn Schrader, Director of the National Visa Center, is sued in his official capacity.

15. Eric S. Cohan, U.S. Consul General, U.S. Embassy in Mexico, is sued in his official capacity.

## RELEVANT LAW

16. This lawsuit arises out of the Defendants' legal termination and revocation of Ms. Rodriguez Olmos' I-130 petition filed on her behalf by Ms. Olmos Canedo.

17. 8 U.S.C. § 1153 (g) states:

> For purposes of carrying out the Secretary's responsibilities in the orderly administration of this section, the Secretary of State may make reasonable estimates of the anticipated numbers of visas to be issued during any quarter of any fiscal year within each of the categories under subsections (a), (b), and (c) of this section and to rely upon such estimates in authorizing the issuance of visas. The Secretary of State shall terminate the registration of any alien who fails to apply for an immigrant visa within one year following notification to the alien of the availability of such visa, but the Secretary shall reinstate the registration of any such alien who establishes within 2 years following the date of notification of the availability of such visa that such failure to apply was due to circumstances beyond the alien's control.

18. 8 U.S.C. § 1155 states:

> The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title. Such revocation shall be effective as of the date of approval of any such petition.

19. 22 C.F.R. § 4283(a) states:

> Termination following failure of applicant to apply for visa. In accordance with INA 203(g), an alien's registration for an immigrant visa shall be terminated if, within one year after transmission of a notification of the availability of an immigrant visa, the applicant fails to apply for an immigrant visa.

20. 22 C.F.R. § 4283(c)

> Notice of termination. Upon the termination of registration under paragraph (a) of this section, the National Visa Center (NVC) shall notify the alien of the termination. The NVC shall also inform the alien of the right to have the registration reinstated if the alien, before the end of the second year after the missed appointment date if paragraph (a) applies, establishes to the satisfaction of the consular officer at the post where the alien is registered that the failure to apply for an immigrant visa was due to circumstances beyond the alien's control. If paragraph (b) applies, the consular officer at the post where the alien is registered shall, upon the termination of registration, notify the alien of the termination and the right to have the registration reinstated if the alien, before the end of the second year after the INA 221(g) refusal, establishes to the satisfaction of the consular officer at such post that the failure to present evidence purporting to overcome the ineligibility under INA 221(g) was due to circumstances beyond the alien's control.

## RELEVANT FACTS

21. Immigrating from abroad is a two-step process which involves (1) approval of a Petition for Alien Relative (Form I-130) filed by the U.S. citizen petitioner, and (2) the beneficiary's application for immigrant visa processing at a U.S. consulate once a visa number is available. Under the "preference system," the number of people who can immigrate each year is limited, and dependent upon (i) the relationship between the petitioner and beneficiary, and (2) the country in which the beneficiary was born. The date the visa petition (Form 1-130) is filed with the USCIS becomes, upon approval of the 1-130, the beneficiary's "priority date" in the preference system, i.e. the beneficiary's place in line for a visa. 22 C.F.R. § 42.43(a); 8 C.F.R. § 204.1(d). Adult children of

lawful permanent residents are in the F2B preference category, and generally have a lengthy wait for a visa number. *See* https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin/2021/visa-bulletin-for-april-2021.html (Visa Bulletin for April 2021, indicating that visa numbers are currently available for F2B preference immigrants from Mexico with a priority date on or before July 22, 1999).

22. Plaintiff Maria De Lourdes Olmos Canedo, is a Legal Permanent Resident (LPR) who filed the original Form I-130 for her biological daughter Plaintiff Angela Nancy Rodriguez Olmos. The original petition was assigned a priority date of May 13, 1996 with category designated as F2A. Ms. Rodriguez Olmos (DOB: January 27, 1987) remains an unmarried daughter (now over age 21) of an LPR and is now in category F2B. Ms. Olmos Canedo remains an LPR to date.  EXHIBIT A; EXHIBIT B.

23. Ms. Olmos Canedo paid a notary to a file the original I-130 petition for her daughter, Ms. Rodriguez Olmos. The notary was named Berta Alicia Lopez who was also functioning as an immigration consultant. Ms. Lopez worked out of a location that provided mailing services.

24. Ms. Lopez told Plaintiffs that they needed to obtain a P.O. Box at her store in order to stay abreast of correspondence from immigration. Plaintiffs believed that she was a reliable immigration consultant, so they did as she said. About six months later, Ms. Lopez gave Ms. Olmos Canedo a paper from immigration requesting fees. Ms. Olmos Canedo recalls paying the money directly to Ms. Lopez and not directly to immigration services.

25. Ms. Olmos Canedo updated her address with Ms. Lopez to 333 ½ San Ysidro Blvd, San Ysidro, CA 92317. Ms. Rodiguez Olmos' address was Calle 2DA #2217 Zona Centro, Tijuana, BC, Mexico where Plaintiffs lived for many years.

7

26. Sometime after this, Plaintiffs moved to a remote location that did not have an address, but Plaintiffs kept the last addresses as the addresses on the immigration records because they had family members at those locations who were watching the mail and forwarding any mail to Plaintiffs.

27. Approximately 5 years later, Ms. Olmos Canedo discovered that the notary's business closed and that it was likely the notary had defrauded Petitioners because it was shut down suddenly and the sign on the door said that all of her cases were going to be taken over by another person and that they would receive information in the mail about their new immigration consultant. Plaintiffs never received any information from this new consultant.

28. In 2003, Ms. Olmos Canedo received correspondence regarding the petition for her daughter. Ms. Olmos Canedo went to a different notary to see if there was anything to be done because she did not understand what the correspondence was requesting; however, the notary looked over the document and advised her that she needed to wait to take any action because USCIS was processing cases from 1992 and petition for her daughter was from 1996.

29. Over the course of many years, Plaintiffs periodically checked with the second notary to see if the priority date was current or if there was anything to be done with the case, but Ms. Olmos Canedo was consistently advised by notaries she believed to be knowledgeable and trustworthy immigration consultants that nothing could be done and that she needed to wait to take action on the petition.

30. Although as noted above, Plaintiffs moved from the address on record, they continued to have a relationship with the next tenants who passed along any mail that was received in their names. Ms. Olmos Canedo unequivocally states that had she or Ms. Rodriguez Olmos received any correspondence regarding the petition from the State Department or

the National Visa Center, she would have taken quick action. Petitioner has been waiting to assist her daughter with her immigration to the United States for more than 20 years.

31. In 2016, Ms. Rodriguez Olmos entered the United States. She was learned that her priority date was current and she believed that she would now be able to adjust status through her mother's petition.

32. Plaintiffs engaged the services of undersigned counsel to proceed with the adjustment of status through the underlying petition. Because the Plaintiffs did not have a copy of the approved I-130, they submitted an I-824, Application for Action on an Approved Application on February 8, 2017.

33. Plaintiffs' Counsel subsequently received Form I-797C, Notice of Action, in response to the I-824. The notice says "The above application for a duplicate notice of approval notice is approved. The information above relates to your original petition or application and serves as the duplicate notice." EXHIBIT B.

34. According to the I-824 Form instructions, "USCIS or CBP will not approve Form I-824 if your previous approval was expired or was revoked." EXHIBIT C.

35. With this duplicate approval notice and relying on the fact that the instructions for Form I-824 state that it will not be approved if the petition is revoked, Plaintiffs filed the adjustment of status application on November 21, 2017 with USCIS when her original priority date became current according to the Visa Bulletin.

36. Plaintiffs attended an adjustment of status interview at the Chatsworth USCIS Field Office. At the interview, the officer indicated that he did not have the original file.

37. On that date, the interview was completed and the interviewing officer hand delivered a notice stating that adjudicative review was necessary on the case and no further action was required on Plaintiff at that time. However, in the Officer's comments to counsel at the conclusion of the interview, the Officer indicated *"that she did not have the petition*

*from the mother in the file and needed to wait for it to adjudicate. She indicated that the file "must be in a mountain somewhere" with the other older petitions. She saw that everything was in order with the I-485, so she only needed to quickly review the petition to approve the case, could take place in about a month (hopefully!)"*

38. Plaintiff assumed that after further review, USCIS would approve her I-485 adjustment package. Based on what the Officer stated, that appeared to be the course.

39. However, on or about July 11, 2019, USCIS sent notice to Plaintiff stating "USCIS records establish that the Department of State, under INA 203(g) terminated the visa petition filed on your behalf. You have provided no evidence to indicate you are immediately entitled to an immigrant visa on any other basis. Therefore, you are not qualified to adjust status, and USCIS denies your Form I-485. See INA 245(a)(3)". EXHIBIT D.

40. USCIS' contention in its first denial that the petition was terminated surprised both Plaintiffs. While the application for adjustment of status was pending, Petitioner filed form I-824 to request a duplicate approval notice of the original Form I-130 and it was approved October 27, 2017. According to the I-824 Form instructions, "USCIS or CBP will not approve Form I-824 if your previous approval was expired or was revoked." Plaintiff received an approval of the I-824.

41. Furthermore, out of an abundance of caution, Petitioner filed a new I-130 on September 12, 2017 as a reaffirmation of the first petition and it remains pending to this day prior to filing the adjustment of status packet. EXHIBIT E.

42. AAO found good cause to reopen the case after careful consideration of the evidence presented of the improper termination and returned the case to USCIS for further adjudication. EXHIBIT F.

43. On June 16, 2020, Plaintiff received a denial from USCIS. In the decision, USCIS once again alleged in the denial that the underlying petition was terminated on March 4, 2007 and then destroyed on March 29, 2008. However, neither Petitioner nor the Plaintiff received notice of the termination at the address provided to USCIS. EXHIBIT G.

44. Finally, on October 9, 2020, Plaintiffs received a denial of the adjustment of status, citing again the purported termination of the visa petition, while acknowledging that the I-824 was improperly granted.

**FIRST CAUSE OF ACTION Violation of the Administrative Procedure Act**

45. Plaintiffs repeat, allege, and incorporate paragraphs 1-44 above as fully set forth herein.

46. Plaintiffs are aggrieved by agency action under the Administrative Procedure Act, for the reasons set forth below

47. Defendants acted arbitrarily, capriciously and contrary to law in violation of the Administrative Procedure Act by failing to send notice that a visa had become available, that further action was required before Ms. Rodriguez Olmos could apply for a visa, that DHS was going to terminate Ms. Rodriguez Olmos' registration for failure to act upon her petition, or that Ms. Rodriguez Olmos had a right to have the registration reinstated if she could demonstrate that her failure to apply for a visa was due to circumstances beyond her control.

**SECOND CAUSE OF ACTION Violation of Procedural Due Process Rights**

48. Plaintiffs repeat, allege, and incorporate the above as fully set forth herein.

49. In *Ching v. Mayorkas*, the Ninth Circuit held that "[i]mmediate relative status for an alien spouse is a right to which citizen Plaintiffs are entitled as long as the petitioner and spouse beneficiary meet the statutory and regulatory requirements for eligibility. The Court further explained that "[t]his protected interest is entitled to the protections of due

process." The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law. U.S. Const. amend. V. T

50. Immediate relative status for an alien's daughter is a right to which a legal permanent resident Ms. Olmos Canedo is entitled as long as Ms. Rodriguez Olmos meets the requirements for eligibility, which she clearly did, as the petition was approved.

51. Ms. Rodriguez Olmos' interest in the petition filed for her by her mother is a protected interest that is entitled to the protections of due process. Thus, proper notice of required action or termination is required in order to comply with the requirements of due process. Because proper notice of the termination of the petition at issue was never provided to her or her mother, the action was taken in violation of the procedural due process rights of the Plaintiffs.

52. Here, because Plaintiff's petition was terminated without notice and in violation of her due process rights, it cannot be said that it was properly terminated pursuant to Section 203(g).

53. Thus, the petition that was filed in 2017 for Ms. Rodriguez Olmos through her mother, Ms. Olmos Canedo, should be regarded as a reaffirmation or a reinstatement of the validity of the original petition under 8 C.F.R Section 204.2(h)(2), and the original priority date should be attributed to this reinstated petition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

(1)     Assume jurisdiction over this matter;

(2)     Declare Defendants' termination of Ms. Rodriguez Olmos' visa registration in violation of the Administrative Procedure Act and/or her procedural due process rights;

(3) Order the Defendants to set aside the visa termination or reinstate it so that Plaintiff may use the petition to proceed with her adjustment of status with USCIS;

(4) Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(5) Grant such further relief as the Court deems just and proper.

## TABLE OF EXHIBITS

In support of this Complaint, the following documents are submitted as Exhibits:

EXHIBIT A    DECLARATION OF MARIA DE LOURDES OLMOS CANEDO

EXHIBIT B    I-824 APPROVAL NOTICE

EXHIBIT C    I-824 FORM INSTRUCTIONS

EXHIBIT D    FIRST USCIS DECISION

EXHIBIT E    FORM I-797C – NOTICE OF ACTION, TRANSFER NOTICE OF 2ND PETITION

EXHIBIT F    FORM I-797C, NOTICE OF ACTION, REOPEN NOTICE, ADMINISTRATIVE APPEALS OFFICE DECISION

EXHIBIT G    FINAL USCIS DENIAL AFTER REOPENING

Respectfully submitted.

Dated this 1st day of April 2021

**/S/ Howard J. McClure**
Howard J. McClure, Esq.,
CA Bar # #141046
Howard J. McClure & Associates
1825 N Oxnard Blvd., Ste 4
Oxnard, CA 93030
(805) 278-6117
howard@101freeway.com

**Attorney for Plaintiffs**